UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARMELLA A. LONGSTAFF,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner,<br>Social Security Administration,<br><br>    Defendant. | Case No.: C 05-1740 PVT<br><br>**ORDER RE PLAINTIFF'S COUNSEL'S MOTION FOR AWARD OF ATTORNEY'S FEES** |

On September 21, 2007, Plaintiff's counsel filed a motion for an award of attorneys fees under under 42 U.S.C. § 406(b).[1] Defendant filed a response on October 11, 2007. The parties[2] stipulated to submit the motion without oral argument. Based on the moving and responsive papers, and the file herein,

IT IS HEREBY ORDERED that Plaintiff's counsel's motion for an award of Attorneys fees is GRANTED. The Commissioner shall disburse to Plaintiff's counsel $5,572.50 from the funds withheld from Plaintiff's award of retroactive benefits. Taking into consideration all of the factors

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The court notes that Plaintiff herself, who is the only one other than her attorney with a possible pecuniary interest in the motion, was not a signatory to the stipulation. However, she was served with the motion and there is no record in the court's file of her opposing or objecting to the motion.

ORDER, *page 1*

set forth in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the court finds the fees are reasonable.

Although the moving papers do not address the issue of the timeliness of the motion, the court finds the motion is timely under Federal Rules of Civil Procedure 54(d)(2)(b), because a formal judgment was not entered at the time the court remanded the case to the Commissioner.[3]

IT IS FURTHER ORDERED that the Commissioner shall disburse to Plaintiff $4,400.00 of the funds that were withheld from the award of retroactive benefits. This disbursement will fulfill Plaintiff's counsel's obligation to reimburse to Plaintiff the amount of fees previously awarded to him under the Equal Access to Justice Act (EAJA).

Dated: *7/2/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] A sentence-four remand requires entry of judgment at the time of the remand. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). "Unless otherwise provided by statute or order of the court," a motion for attorney's fees "must be filed no later than 14 days after entry of judgment...." Fed.R.Civ.P. 54(d)(2)(B). Section 406(b) does not contain a specific time limit for filing a motion for attorney's fees. Thus, the Rule 54(d)(2)(b) time limit of 14 days after entry of judgment applies. Because the court inadvertently did not enter judgment at the time it approved the stipulated remand, the time for moving for attorneys fees never began to run.